UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUISQUEYA VASQUEZ,

       Plaintiff,

   - against -

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

       Defendant.

OPINION AND ORDER

15-CV-7916 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On October 6, 2015, Plaintiff Quisqueya Vasquez ("Vasquez") commenced this action under the Social Security Act (the "Act"), 42 U.S.C. § 405(g) and/or U.S.C. § 1383(c)(3). (Declaration of Roxie Nicoll ("Nicoll Decl.") at 5.) Vasquez challenges the Defendant, Commissioner of Social Security's ("Commissioner"), decision to deny Vasquez's claim for disability insurance benefits ("DIB"). (Doc. No. 1.)

Before the Court is the Commissioner's motion to dismiss. The Commissioner seeks to dismiss Vasquez's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively Rule 54, for failure to commerce this action within the time limitation specified in section 205(g) of the Act. (Defendant's Memorandum of Law in Support ("Def. Mem.") at 2.) The Commissioner contends that Vasquez failed to file a Complaint within sixty days of the Administrative Law Judge's final decision, and does not satisfy the standard for equitable tolling. (Def. Reply Mem. of Law in Further Support ("Def. Reply Mem.") at 5-8.) Vasquez has not submitted an opposition. For the reasons that follow, the Commissioner's motion to dismiss is **GRANTED.**

## II. BACKGROUND

On September 6, 2012, Vasquez filed for SSI. (Nicoll Decl., Ex. 1 at 11.) On September 25, 2012, she filed an application for DIB. (*Id.*) Both applications claimed a disability onset from December 28, 2008. (*Id.*) Her applications were denied on January 28, 2013. (*Id.*) Vasquez requested a hearing on January 28, 2013. (*Id.*) The hearing took place on January 15, 2014, where Vasquez testified, without counsel, before an Administrative Law Judge. (*Id.*) On March 14, 2014, the ALJ found that Vasquez was not disabled. (*Id.* at 5.)

On July 22, 2015, the Appeals Council sent a notice denying Vasquez's request for review. (*Id.* at 4-6.) The notice stated that a complaint to seek review of the Commissioner's final decision must be filed within sixty days of receipt. (*Id.* at 32.) The notice informed Vasquez that she could request extra time to file, and that such a request had to be in writing and provide good reasoning for an extension. (*Id.*) Vasquez submitted her Complaint on October 6, 2015. (*Id.*) In her Complaint, she stated that she received the notice on August 29, 2015. (Nicoll Decl., Ex. 3 at 29.) She did not request additional time to file.

## III. DISCUSSION

Judicial review of Social Security claims is solely limited to relief under Section 205(g) of the Social Security Act, which states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); *see also Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988) (per curiam). The receipt of notice is presumed to be five days after the date of the notice, except if reasonable showing is given to the contrary. 20 C.F.R. 422.210(c). The sixty-day period serves as a waiver of the

2

government's sovereign immunity and therefore must be strictly constructed. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986) (citing *Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("[W]hen Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied"). The statute of limitations serves to hinder "repetitive or belated litigation of stale eligibility claims." *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

The sixty-day statute of limitations under Section 205(g) is subject to equitable tolling, *Bowen*, 476 U.S at 480. To benefit from equitable tolling, a plaintiff must demonstrate extraordinary circumstances and due diligence. *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005). Equitable tolling may be justified when the government's conduct has hindered a claimant from pursuing her rights. *Bowen*, 476 U.S. at 481. Equitable tolling may also be permitted when the claimant alleges a mental impairment hindered them from properly seeking review. *Canales v. Sullivan*, 936 F.2d 755, 758–59 (2d Cir.1991).

The Appeals Council's notice denying review of Vasquez's claim was issued on July 22, 2015. Vazquez is presumed to have received the notice by July 27, 2015. The sixty-day limitations period thus ended on September 25, 2015. Vazquez filed her Complaint on October 6, 2015. The Complaint was therefore untimely.

Vazquez did not proffer any reason for her delayed Complaint. Her affirmation that she received the notice on August 29, 2015, is insufficient to overcome the presumed receipt date of July 27, 2015. (*Marte v. Apfel,* No. 96-CV-9024 (LAP), 1998 WL 292358, at *1,*2 (S.D.N.Y. June 3, 1998) (finding that the plaintiff did not demonstrate reasonable showing to the contrary when she only asserted that she received the notice after the five-day period). Nor did Vasquez respond to the motion to dismiss or present additional evidence to rebut the date presumption. *Johnson v. Commr. of Social Sec.*, 519 F.

Supp. 2d 448, 449 (S.D.N.Y. 2007) (granting a motion to dismiss when the plaintiff did not respond to the motion nor provided anything on record to rebut presumption). The presumptive date of receipt therefore applies.

Vasquez has not demonstrated extraordinary circumstances or due diligence to warrant equitable tolling. She did not request further time as permitted by 42 U.S.C. § 405(g) and as explained in the notice. *See Borrero* v. *Colvin*, No. 14-CV-5304, 2015 WL 1262276, at *6 (S.D.N.Y. Mar. 19, 2015) (finding plaintiff's filing untimely because he did not request more time and did not provide reasons for the delay); *see also Rodriguez ex rel. J.J.T.* v. *Astrue*, 2012 WL 292382, at *2 (finding no record of due diligence or extraordinary circumstances); *Cole-Hill ex rel. T.W.* v. *Colvin*, 110 F. Supp. 3d 480, 484 (W.D.N.Y. 2015) (dismissing plaintiff's claim because she did not request an extension and did not give reasons for her late filing). The Complaint does not allege a mental impairment or action by the government that would have hindered her from filing.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss is **GRANTED**. The clerk of court is directed to close the case.

So ordered this 2nd day of September 2016.
New York, New York

*(signature)*

The Honorable Ronald L. Ellis
United States Magistrate Judge

Copies of this Opinion and Order were sent to:
**Quisqueya Vasquez**
154 Avenue D
Apt 3C
New York, NY 10009

4